**Robert Eugene PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52655.**

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Harry L. Williams, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of cocaine; the punishment, which was enhanced by a prior felony conviction, is imprisonment for 50 years.

The sufficiency of the evidence is not challenged; the appellant's sole ground of error is that his motion to suppress evidence was erroneously overruled and the cocaine that was introduced in evidence was unlawfully obtained. The appellant in his brief admits that a search of the appellant for weapons was reasonable at its inception, but specifically complains that "the intensity and scope of the search went beyond legal limits when the officers took the defendant's billfold and searched it in violation of the defendant's Fourth Amendment rights."

B. R. Armond, a Fort Worth police officer serving with the Narcotic Intelligence Division, had information from an anonymous source, which corroborated some other information he had, concerning the unlawful

possession of drugs at an apartment in a multi-unit complex. Officers then kept the apartment under surveillance for several hours on two or three days in an effort to obtain additional information with which they could make an affidavit to have a search warrant issued. The appellant was seen to enter, stay for a short time, and leave the apartment on several occasions. While on surveillance two police officers saw the appellant and another man come from the apartment, and as the men walked to an automobile parked at the curb they were approached by the officers.

The officers intended to talk with the men in an attempt to get additional information which might be used to obtain the search warrant. After the officers, who were in plain clothes, told the men they were police officers and exhibited their badges, they heard a "rustling motion" from the direction of the appellant. He turned away from the officers and placed his hand under a bulky shirt which he was wearing with the tail out. One of the officers unholstered his pistol, pointed it at appellant, asked the appellant twice to take his hand away from his belt, and when he did not do so, told him to freeze. The officer removed the appellant's hand from a .32 caliber pistol, which he was carrying at his waist under his shirt. At about the same time, the officers found on the ground nearby a clear celophane bag which contained a white powdered substance; the officer thought the contents of the bat were a controlled substance. The officers then searched the appellant and found in a billfold, which was in the appellant's pocket, three paper packets filled with a white powdered substance. The white powdered substance found in the billfold and in the package found on the ground was cocaine.

After the officers found that the appellant was carrying a pistol and saw the packet on the ground nearby, they had probable cause to arrest the appellant. This was a custodial arrest, and the full search of the appellant, which included his billfold, was made incident to a lawful arrest and was reasonable. *Robinson v. Unit-*

*ed States,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Merriweather v. State,* 501 S.W.2d 887 (Tex.Cr. App.1973); *State v. Brasel,* 538 S.W.2d 325 (Mo.1976).

The judgment is affirmed.

Opinion approved by the Court.