**Sandra Elaine CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53435.**

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Jerry D. Conner, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Guadalupe Salinas, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On November 7, 1974, in the 182nd District Court of Harris County, appellant was convicted of the offense of forgery of a credit card. Punishment was assessed at seven years, probated. One of the conditions of the probation was that appellant commit no offense against the laws of the State of Texas or the United States.

On August 20, 1975, a motion was filed to revoke appellant's probation on the ground that appellant had committed the offense of carrying a handgun. On December 15, 1975, a hearing was held and the trial court found the allegation in the motion was true and revoked probation.[1] She contends that the trial court abused its discretion in revoking probation because the search which produced the handgun from her purse was illegal. She argues that there was no basis for her arrest as there was no arrest warrant in possession of the officer and that no probable cause existed in that no offense was committed in the officer's presence.

Steven Knouse, Systems Staff Manager of Manpower, Incorporated, of Houston, testified that appellant was employed by Manpower as a service station manager of the Texaco Station on the corner of Hempstead and Bengal Road. She had all the keys to the service station and to the safe. He further related that on July 18, 1975, he received information that the station which she was managing was closed and that her whereabouts were unknown. Knouse ordered an audit of the station be conducted and said audit was conducted on Tuesday, July 22. Results of the audit showed that $1405 was missing. On July 24, he located appellant and arranged to meet with her in his office to discuss the missing money and to present her with her final paycheck. Subsequent to making the appointment with appellant, Knouse learned through other employees that she carried a pistol. Rather than risking harm to himself and other office employees when questioning appellant about the missing money, he decided to call the police. He related that the officer to whom he had talked said that it probably would be a good idea if they sent an officer over to his place of business.

Officer Rodriguez of the Houston Police Department testified that he and Officer Krouse had been sent by the dispatcher to the Manpower office to see Knouse in regard to a theft suspect who was allegedly in his office at the time. Upon their arrival they were met by Knouse's receptionist who showed them into his office. At that time, Knouse related to them the information he had concerning the missing money as well as the fact that he had heard that appellant had a reputation for carrying a gun. He further stated that he wanted to file charges against appellant. Rodriguez further testified that he did not consider getting an arrest warrant, although it would probably have taken him only a short time to have obtained one, because the appellant was in the office at the time and he felt that she would not be there upon their return. Because of the information given to him by Knouse that appellant might be armed, Rodriguez stated that he walked over cautiously to her and that she did not have anything in her hand but she did have a purse beside her leg. When he walked up to her he told her that she was under arrest for felony theft and reached down to grab

---

1. The record reflects that upon revocation appellant's sentence was reduced from seven years to four years.

her purse. At the same time she grabbed for the purse and a short struggle ensued and he was able to get it. After he had picked it up he opened it and found a .32 caliber revolver containing four live rounds of ammunition.

■ It is well established that circumstances falling short of probable cause for arrest may justify temporary detention for purposes of investigation since an investigation is considered to be a lesser intrusion upon the personal security of an individual than is an arrest. See *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976); *Mann v. State*, 525 S.W.2d 174 (Tex.Cr.App.1975); *Hernandez v. State*, 523 S.W.2d 410 (Tex. Cr.App.1975); *Borner v. State*, 521 S.W.2d 852 (Tex.Cr.App.1975); *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). The Fourth Amendment has been held not to require a policeman who lacks a precise level of information necessary for probable cause to arrest to simply shrug his shoulder and allow crime to occur or a criminal to escape. *Adams v. Williams*, supra; see also *Borner v. State*, supra.

In *Borner v. State*, supra, this Court, quoting from *Adams v. Williams*, supra, said:

" 'The purpose of a limited search after investigatory stop is not to discover evidence of crime, but to allow the peace officer to pursue investigation without fear of violence. *So long as the officer is entitled to make a forcible stop and has reason to believe that the suspect is armed and dangerous, the officer may conduct a weapons search limited in scope to the purpose of enabling the officer to pursue investigation without fear of violence. . . .* ' (Emphasis supplied)."

See also *Tores v. State*, 518 S.W.2d 378 (Tex.Cr.App.1975).

■ The evidence in the instant case shows that Officer Rodriguez had reason to believe that appellant may have committed a crime. When he informed appellant that she was under arrest for theft she "grabbed for her purse, which was next to her leg, . . . " After a brief struggle, he obtained control of the purse and found the pistol therein. Even if the officer had no right to make an arrest without a warrant for theft, he had a right to stop appellant from grabbing her purse because he had been informed that she carried a pistol. He was justified in conducting a weapons search limited in scope to the purpose of enabling him to pursue his investigation without fear of violence or harm to others. See *Ablon v. State*, supra, and *Borner v. State*, supra. We hold that under the facts of this case the limited search of appellant was justified. The court properly admitted the pistol obtained as a result thereof.

No abuse of discretion having been shown, the judgment is affirmed.