**Noah Edmond DUNCAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52496.**

Court of Criminal Appeals of Texas.

April 27, 1977.

Gerald A. Woolf, Houston, for appellant.

Ogden Bass, Dist. Atty., and Thomas W. Watson, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for possession of heroin. Appellant waived his

right to a jury and was tried before the court which assessed punishment at four (4) years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Appellant's sole ground of error is that the trial court erred in admitting into evidence the heroin seized from appellant's person because it was obtained as the result of an unreasonable search and seizure.

Officer William Purcell of the Freeport Police Department testified that he was on patrol on the night of November 13, 1974 and went to the Cozy Lounge in Freeport at about 10:00 p. m. Purcell said that he and his partner were "checking bars in the 200 Block of South A" and they "observed a subject go into the Cozy Lounge" so they followed him in and asked for some identification. There was no reason given for "checking" the bars, nor did Purcell state why the "subject" attracted his attention. Purcell said that they stepped outside and the subject, later identified as appellant, produced a valid Texas driver's license. Purcell testified that appellant told them he lived in Alvin and was in Freeport visiting friends. Purcell said appellant was not under arrest at that time and was free to go. He said appellant got into his car, a hardtop bearing Tennessee license plates, and backed out of the parking area. Purcell said that appellant backed out of the lot improperly and that he made an improper start, spinning his tires and throwing gravel, and that he left at an excessive rate of speed. Purcell said that he got in his patrol car to follow appellant in an effort to warn him that backing out across the street and speeding off would be dangerous to pedestrians. He also stated that he was curious to find out why a person with a Texas driver's license who lived in Alvin would be driving a car with Tennessee license plates. Purcell said that he stopped appellant within a few blocks. He said he got out of his car and appellant got out of his car and approached him and he saw appellant putting something in his back pocket. He said that when he got closer to appellant he

determined that the object in his back pocket was a plastic bag. Purcell said that he could see by the light of nearby street lights and businesses that the object was a plastic bag, but he could not see what was inside the bag. He stated that he asked appellant what it was and at the same time grabbed the bag and pulled it out of appellant's pocket and appellant pushed him back and ran away. The officer said he chased appellant down an alleyway and saw him throw down another bag and he then grabbed appellant by the hair and wrestled him to the ground. After subduing appellant, the officer reached down to pick up the second plastic bag and appellant kicked the bag in what the officer described as an attempt to scatter its contents. The officer described the contents of the bag as a green leafy substance which he believed to be marihuana. He further stated that the first bag contained the same substance as well as a piece of folded tinfoil which contained a brown powder. Purcell stated that at this time he placed appellant under arrest.

The powder in the tinfoil packet found in the first plastic baggie which the officer grabbed from appellant's pocket was later shown to be heroin. This evidence was admitted over appellant's timely objection. The issue before us is whether the evidence was legally seized from appellant's person.

The State contends that the heroin was seized incident to a valid arrest. The officer's testimony does not support this theory. Purcell testified that it was not his intention to arrest appellant or to issue him a traffic citation. He stated that he followed him and stopped him only to warn him that the manner of his departure from the parking area could be dangerous to pedestrians.

The protection of the officer is the justification for the rule permitting search incident to arrest as it was established by the Supreme Court in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). See *Simpson v. State,* 486 S.W.2d 807 (Tex.Cr.App.1972); *Merriweather v. State,* 501 S.W.2d 887 (Tex.Cr.App.1973)

and *Parker v. State,* 544 S.W.2d 149 (Tex. Cr.App., decided December 8, 1976).

Purcell gave no testimony which indicated that he was in fear of his life or that he thought appellant might be armed. When he approached appellant to warn him about his manner of driving, he saw him put something in his back pocket and saw that the object was a plastic bag which the officer immediately grabbed.

Since appellant was not under arrest at the time the officer grabbed for the plastic baggie, we must look to see if there are other "circumstances falling short of probable cause for an arrest" which may justify temporary detention for purposes of investigation, since an investigation is considered to be a lesser intrusion upon the personal security of an individual than is an arrest. *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976) and cases cited therein; *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In such an investigative "stop and frisk" situation, like a search incident to arrest, it is the officer's safety which provides the primary justification for the limited pat down search of the accused. *Terry v. Ohio,* supra. See *Ablon,* supra, and *Crawford v. State,* 544 S.W.2d 163 (Tex.Cr. App., decided December 15, 1976).

Purcell's testimony established none of the "specific and articulable facts and circumstances" which would warrant the reasonable belief that his safety was in danger or that appellant was armed. See *Tardiff v. State,* 548 S.W.2d 380 (Tex.Cr.App., decided January 5, 1977) in which the officer observed a bulge in the accused's pants which he thought to be a weapon. In the instant case Purcell testified that he grabbed the plastic baggie to "see what was in it." The facts and circumstances do not support an investigative stop and frisk.

Nor does the theory of "plain view" justify the search. Even though an officer is justified in seizing contraband which falls within view, the officer must be legitimately in the position to view the object and it must be immediately apparent to him that the object is contraband. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr.App.1973).

In *Nicholas* we held illegal the seizure of photographic negatives which depicted the accused in an act of intercourse with a child because, even though the officers could see the negatives in plain view during their arrest of the accused, they could not know that they depicted an illegal act until they examined them closely.

In the instant case, the officer was legitimately in position to view any contraband; however, by his own testimony, he did not know what the plastic baggie contained and he expressed no suspicion as to what it might contain. Even though we are aware of the popular use of plastic bags as containers for controlled substances, we cannot hold that the bag itself is contraband in the absence of some showing that the officer saw what appeared to be a contraband substance in the bag.

We think that the Supreme Court case of *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967) is controlling. In that case the officers had Sibron under surveillance for a period of eight hours during which they observed him in conversation with known narcotics addicts. They later followed him into a restaurant where they saw him speak with three more known addicts. An officer approached Sibron and requested him to step outside the restaurant where the officer told him, "you know what I am after." Sibron mumbled something and reached into his pocket and the officer simultaneously thrust his hand into the same pocket and discovered several glassine envelopes containing heroin. The Supreme Court held the heroin inadmissible, stating,

"Nothing resembling probable cause existed until after the search had turned up the envelopes of heroin. It is axiomatic that an incident search may not precede an arrest and serve as part of its justification . . . [Nor could it be classified as a *Terry v. Ohio* type of stop and frisk for the safety and protection of the

officer . . .] *Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so.* In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous . . ." (Emphasis added).

---

The officer's actions in the instant case do not fall within any of the recognized exceptions to the prohibitions against unreasonable searches and seizures. The trial court therefore erred in admitting the heroin into evidence.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction holding that the evidence obtained was the result of an unreasonable search and seizure. The evidence shows that the officer had a right to stop appellant.

On the night of November 13, 1974, at approximately 10:00 p. m., Officer William Purcell of the Freeport Police Department and Officer Broadus began checking bars in the 200 block of South A Street in Freeport. Their attention was drawn to appellant as he entered the Cozy Lounge. The officers went inside and asked him for identification. Appellant and the two officers walked outside where he showed them a valid Texas driver's license. Appellant told the officers that he lived in Alvin and was picking up some beer for friends he was visiting in Freeport. Purcell testified that appellant never was under arrest and was free to leave at any time. He stated that while appellant appeared nervous during their conversation he had no reason to suspect him of any wrongdoing in that his explanation of his presence there sounded reasonable. Appellant then got in his car which was parked just down from Purcell's patrol car. He backed out of the parking area across another lane of traffic and then used excessive acceleration in taking off, "his tires were spinning and throwing gravel." The officer testified that he got in his patrol car so that he could stop appellant and issue him a warning for improper backing and excessive acceleration. Purcell testified that appellant was in violation of the city ordinance relating to backing of a vehicle. He stated that he did not intend to give appellant a ticket but only a warning and that he was also curious to find out why appellant was driving a vehicle with Tennessee license plates. Purcell stopped appellant within a few blocks. When he got out of his patrol car, appellant got out of his car and approached him. He saw appellant putting something in his back pocket. When he got closer to him he noticed that the object in appellant's back pocket was a plastic bag. While he could not see the contents of the plastic bag, the light of nearby street lights and businesses enabled him to see that the object was a plastic bag. Purcell stated that simultaneous with asking appellant about the bag he grabbed the bag and pulled it from appellant's pocket. Appellant pushed Purcell and ran. Purcell gave chase down an alley and saw him throw down another bag. Finally he caught appellant by the hair and wrestled him to the ground and handcuffed him. As Purcell reached down to pick up the second bag, appellant started kicking at it in an attempt to scatter the contents. Purcell said that the bag contained a green leafy substance which he believed to be marihuana. The first bag contained the same substance as well as a piece of folded tinfoil which contained a brown powder. He then arrested appellant for possession of a controlled substance.

Article 14.01, Section b, V.A.C.C.P., provides that an officer may arrest for any offense committed in his presence. At the hearing on appellant's motion for new trial, appellant introduced a copy of the section of the Freeport Code of Ordinances dealing with traffic. Section 36–166 of that Code states:

"No vehicle shall be driven backward unless such movement can be made with

reasonable safety and without interfering with other traffic."

Purcell testified that appellant had violated the ordinance and that his manner of backing was a threat to the safety of pedestrians walking in and out between parked cars in that area. It is of no consequence that he only intended to give appellant a warning rather than a citation. Officer Purcell had the right to stop the vehicle. See *Denny v. State,* 473 S.W.2d 503 (Tex.Cr.App. 1971); *Lewis v. State,* 502 S.W.2d 699 (Tex. Cr.App.1973); Article 670ld, Section 153, V.A.C.S.

Since the officer had a right to stop appellant pursuant to the traffic violation the seizure of objects in plain view was proper. *Holman v. State,* 474 S.W.2d 247 (Tex.Cr. App.1971); *Musgrove v. Eyman,* 435 F.2d 1235 (9th Cir. 1971). The situation here is like that found in *Lewis v. State,* supra. Here, as in *Lewis,* there are no fruits of a traffic offense. Here, as in *Lewis,* there is more than a mere arrest for a traffic offense. In *Lewis,* the defendant's companions were observed making movements as if to place something under the seat. After three blocks of pursuit one of Lewis' companions left the car in an apparent attempt to keep officers from getting near the front seat. One of the officers shined a flashlight into the car and observed a brown sack extending out from under the front seat. The search of the vehicle at the time was limited to an examination of the sack which was found to contain marihuana. Similarly, in the instant case appellant was observed putting something in his pocket as he approached Officer Purcell and when he was in the light the officer saw that it was a plastic baggie. When he attempted to obtain the baggie and question appellant about it, appellant fled. The finding of the contraband incident to the stop for the traffic violation is lawful under the facts of this case. The facts are sufficient to give the officer probable cause to further investigate as plastic baggies are commonly used to carry narcotics.

The judgment should be affirmed.