Randall P. McCALLUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 63339.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 8, 1980.

On Rehearing Dec. 23, 1980.

Kirk Hawkins, San Angelo, for appellant.

Gerald A. Fohn, Dist. Atty. and Thomas J. Gossett, Asst. Dist. Atty., San Angelo, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation.

Appellant originally was convicted of possession of more than four ounces of marihuana. Punishment was assessed at imprisonment for seven years and a fine of $150. Imposition of sentence was suspended, and appellant was placed on probation. Subsequently the state filed a motion to revoke probation alleging that appellant violated the terms of his probation by committing the offense of possession of marihuana in an amount greater than four ounces. A hearing was held and probation was revoked. Sentence was imposed.

Appellant contends that the marihuana admitted at the revocation hearing was the product of an unlawful search and seizure. We agree and reverse the judgment.

David Cook, a game warden with the Texas Parks and Wildlife Department, stopped appellant for a traffic violation on Highway 118 south of Alpine. For reasons that are not reflected in the record, Cook requested permission to look in appellant's trunk. According to Cook appellant agreed. Cook's testimony at the hearing reflects the following:

[The prosecutor:]

Q Officer Cook, after talking with Mr. McCallum, did you make any request of him?

A Yes. I did.

Q What was that?

A I asked him if he would mind opening his trunk.

Q What was his response?

A He said, "No, I don't." Then he opened it.

\* \* \* \* \* \*

Q Other than that, did you make any request of him?

A That's all I said. No, sir.

When Cook opened the trunk he saw a sugar sack. According to Cook's testimony, he knew that such sacks commonly were used to transport marihuana from Mexico. Cook looked inside the sack and discovered a quantity of marihuana. He then arrested appellant.

It is clear from the quoted testimony that appellant consented only to Cook's *opening* the trunk. Appellant did not consent to a search of the contents of the trunk. The scope of appellant's consent was limited to Cook's opening the trunk and observing its interior. See *May v. State*, 582 S.W.2d 848 (Tex.Cr.App.1979); *Mason v. Pulliam*, 557 F.2d 426, 428–429 (5th Cir. 1977). Compare *Faulkner v. State*, 549 S.W.2d 1, 4 (Tex.Cr.App.1976); *Maldonado v. State*, 528 S.W.2d 234, 241 (Tex.Cr.App.1975). As a result, Cook's action in opening the sack and inspecting its contents can be justified only under the plain view doctrine or by a finding that Cook had probable cause to believe that the sack contained marihuana.

Under the plain view doctrine, an officer may not seize contraband that falls within his view unless he is legitimately in a position to view the substance, *and it is immediately apparent to him that the substance is contraband. Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Howard v. State*, 599 S.W.2d 597 (1980, Tex.Cr.App., Opinion on State's Motion for Rehearing); *Duncan v. State*, 549 S.W.2d 730 (Tex.Cr.App.1977). We have recognized the latter requirement in numerous cases: *Kolb v. State*, 532 S.W.2d 87 (Tex.Cr.App.1976) (officers unlawfully seize marihuana from plastic garbage bags); *Duncan*, supra (officer unlawfully seizes marihuana and heroin from plastic sandwich bag in defendant's pocket); *DeLao v. State*, 550 S.W.2d 289 (Tex.Cr.App.1977) (officer unlawfully seizes heroin from balloon); *Howard*, supra (officer unlawfully seizes controlled substance from unlabeled prescription bottle).

In each of these cases the officer suspected that the defendant was in possession of contraband because of the type of container and the circumstances of the defendant's possession of the container. Despite the officer's suspicions, however, in none of the cases was it immediately apparent that the containers contained contraband rather than some lawful substance. Therefore the plain view doctrine did not apply to justify the seizure of the contraband.

In this case Cook did not testify that he could see the contents of the sack or that the contents were readily apparent by the shape of the sack. Thus Cook was not immediately cognizant that the sack contained marihuana rather than things lawfully possessed. The plain view doctrine does not apply. Compare *Howard*, supra.

Moreover, Cook did not have probable cause to search the sack and seize its contents. Probable cause to search exists when the facts and circumstances before the officer would warrant a person of prudence and caution in believing that an offense had been or is being committed. *U. S. v. Petty*, 601 F.2d 883 (5th Cir. 1979); *U. S. v. Tuley*, 546 F.2d 1264 (5th Cir. 1977). See *Reed v. State*, 522 S.W.2d 916 (Tex.Cr.App.1975); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). Mere suspicion that a search will reveal contraband does not constitute probable cause. *U. S. v. Johnstone*, 574 F.2d 1269 (5th Cir. 1978). See *Smith v. State*, 542 S.W.2d 420 (Tex.Cr.App.1976). In the present case Cook relied solely on a hunch that the sack contained marihuana, based on previously having seen marihuana carried in such sacks. It was entirely possible that the sack was being used for its intended purpose, and contained sugar. Moreover, appellant could have used the sack to carry any number of personal possessions. Cook's suspicion that the sack contained marihuana did not amount to probable cause. Absent a more reliable indication that the sack contained marihuana, e. g. the shape or smell of the bag, the discovery of marihuana elsewhere in the car, or suspicious actions on the part of appellant, Cook acted unlawfully in opening the sack and seizing the marihuana inside.

The marihuana was the product of an unlawful search and seizure, and should have been suppressed. Its admission at the revocation hearing constituted reversible error.

The judgment is reversed and the cause remanded.

DALLY, Judge, dissenting.

I dissent. There is agreement that the appellant was lawfully stopped and arrested. I believe, as did the trial judge, that appellant's consent to the search included the contents of the sack in the trunk. Moreover, the officer had probable cause to open the sack. The judgment should be affirmed.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission the order revoking probation was set aside on the basis that the marihuana admitted at the revocation hearing was the product of an unlawful search and seizure—being found by a search beyond the scope of consent given by the appellant.

On October 3, 1978, the appellant entered a guilty plea before the court to an indictment charging him with possession of marihuana of more than four ounces. His punishment was assessed at seven (7) years' imprisonment and a fine of $150.00, but the imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions including "(C) Commit no offense against the laws of this State or of any other State or of the United States ...."

On June 14, 1979, the State filed a first amended motion to revoke probation alleging that on or about March 31, 1979 the appellant knowingly possessed a usable quantity of marihuana of more than four ounces in Brewster County.

On June 18, 1979, the court conducted a hearing on said motion at the conclusion of which the court revoked probation based on the allegation. Sentence was imposed and notice of appeal was given.

On appeal appellant raises two grounds of error. First, he contends the "trial court committed reversible error by receiving into evidence the fruits of the search of the appellant's vehicle for the reason that the evidence was insufficient to show that the arresting officer had probable cause or authority to stop appellant's vehicle for purposes of arrest, search or investigation." Second, he contends the "trial court committed reversible error by receiving into evidence the fruits of the search of the appellant's vehicle for the reason that the evidence was insufficient to show that appellant's consent to the search of his vehicle was not freely and voluntarily given."

Basically then appellant contends that there was no probable cause justifying the officer to stop his car, and that the consent to search, which he admittedly gave, was not freely and voluntarily given. Appellant did not in the trial court and does not now claim that the consent he gave was limited in scope. The majority panel opinion on original submission generalized the grounds of error as a claim that the marihuana admitted was the product of an illegal search and seizure. Thereafter, the said majority seizes upon the officer's testimony as to consent being a request to opening the trunk and holds that the consent was limited to opening said trunk and was not a consent to search the contents of the trunk and that the search was illegal. The said majority overlooks appellant's own testimony that he gave consent to search, and his contention that while he gave such consent, it was not freely and voluntarily given. We conclude the said majority was in error.

David Cook, a game warden with the Texas Parks and Wildlife Department, testified that about 10:30 a. m. on March 31, 1979, he was on patrol on Highway 118 about eight or nine miles south of Alpine. At such time he observed appellant's car come up behind his vehicle "real fast" and almost run into his vehicle. They were in a construction zone on the highway where the

speed limit was 40 m. p. h. He noticed that appellant gave no signal when he pulled out and passed the patrol unit, and likewise did not give any such signal when he passed a car in front of the patrol vehicle. He followed the appellant's vehicle for several miles and pulled it over for speeding. Appellant did not have a driver's license. Cook testified on direct examination:

"A I asked him if he would mind opening his trunk.

"Q What was his response?

"A He said 'No, I don't'. Then he opened it."

Cook testified he saw in the trunk a white sack used for sugar in Mexico, but normally used by people transporting marihuana from Mexico. He had seen such sacks before. He looked inside such sack and found a substance he believed to be marihuana and arrested the appellant. A chain of custody of the substance was established and a chemist testified the substance was 5.25 pounds of marihuana.

Appellant admitted that he was speeding. He related that officer Cook had followed him for several miles before stopping him. He related that when stopped he got out of his car and walked to the back thereof and inquired of officer Cook why he was being stopped and received no definite answer and that Cook walked past him and looked into his car. He admitted he didn't have his driver's license as he had lost it. The record reflects on re–direct examination the following:

"Q And then he asked you if he could look in the trunk?

"A Yes, sir. He asked me to search, yes, sir. You know, my understanding, you know, I told him to look."

Earlier he testified that officer Cook had asked to search the car and that he had asked "Well, do I have any choice?" and that Cook had replied, "No, not really" or something like that. He stated he was told to place his hands in front of him on the squad car and that he did so, and Cook took his (appellant's) car keys and opened the trunk.

■ It is undisputed that appellant was speeding. The officer thus had a right to stop the vehicle for a traffic offense. *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974). We overrule appellant's first contention. After stopping the vehicle, Cook testified he asked the appellant if he would open the trunk and appellant agreed. He testified he did not threaten, coerce or force the appellant to give consent. Appellant characterized the conversation as a request to search the car and admitted he gave consent and told the officer he could look. He did testify that when the request to search was made he asked if he had a choice and was told "No, not really." He made no claim of any threat, coercion or force.

■ The trial judge at a revocation hearing is the trier of the facts, the judge of the credibility of the witnesses and the weight to be given their testimony. He may accept or reject any or all of a witness' testimony. The trial court here found that consent to search was given and that it was given freely and voluntarily. There is ample evidence to support such finding. The court did not err in admitting the marihuana found as a result of the consent to search. Appellant's second contention is overruled.

Finding no abuse of discretion, the State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.

ROBERTS and CLINTON, JJ., dissent.

PHILLIPS, Judge, dissenting.

The majority on rehearing is entirely too niggardly in its treatment of this appeal. Appellant's grounds of error and his arguments supporting those grounds fairly raise the issue of the lawfulness of the search conducted by Officer Cook. Cook by his own testimony acknowledged that he sought consent only to open the trunk and look inside. I fail to see how the testimony of appellant quoted by the majority can, even by the stretch of a fertile imagination, constitute evidence that appellant consented to more than Cook requested of him.

The search was unlawful—the worst sort of pretext. The issues raised by the search are important; in fact, of constitutional dimension. Why duck the issues presented by adopting an overly technical construction of appellant's grounds of error?

A majority of the Court is in error, but it is not the majority on original submission.

I dissent.