Girard SHARP, Appellant,

v.

STATE of Texas, Appellee.

No. 09 81 106 CR.

Court of Appeals of Texas, Beaumont.

Jan. 6, 1982.

Discretionary Review Granted March 10, 1982.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

DIES, Chief Justice.

This is an appeal from a conviction for possession of a controlled substance, methamphetamine. Trial was to the court on a plea of not guilty. The court found appellant guilty and sentenced him to five (5) years in the Texas Department of Corrections, probated for a like term.

Appellant's first ground of error follows: "The conviction should be reversed in that appellant's arrest violated the Fourth Amendment to the United States Constitution because the police lacked any reasonable suspicion to believe appellant was engaged or had engaged in criminal conduct, and the fruits of that arrest (methamphetamine) should have been suppressed."

A Houston police officer testified that at 1:45 A.M. on November 2, 1975, he saw appellant, another male, and a female in a blue van parked in a parking lot at Memorial Park. The officer shined a spot light on the van, at which time appellant and the other male ran to the front of the van. Appellant, who was standing in front of the van, was asked to produce identification. Appellant pulled out his wallet and showed his driver's license. Seeing a pink piece of paper, the officer asked appellant if it was an overdue citation. The officer then contacted the dispatcher and learned appellant had an outstanding traffic warrant. Appellant was placed under arrest, searched, and the controlled substance was found on his person.

The officer properly detained appellant while investigating the traffic citation. *Ceniceros v. State*, 551 S.W.2d 50, 51 (Tex.Cr.App.1977); *Leighton v. State*, 544 S.W.2d 394, 397 (Tex.Cr.App.1976). A temporary detention requires a lesser showing of probable cause. *Vernon's Ann.C.C.P., Art. 14.03; Brown v. State*, 481 S.W.2d 106, 110 (Tex.Cr.App.1972).

The officer, charged with the prevention and detection of crime, in this situation could reasonably infer that appellant had committed or was about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This van was parked in an unusual place, in the early hours of the morning, and appellant jumped out of the van and ran to the front. See *Onofre v. State*, 474 S.W.2d 699 (Tex.Cr. App.1972); *Moses v. State*, 464 S.W.2d 116 (Tex.Cr.App.1971); *Sanchez v. State*, 438 S.W.2d 563 (Tex.Cr.App.1969); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970), cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970). The original detention being lawful, subsequent investigation was proper. *Parker v. State*, 544 S.W.2d 149 (Tex.Cr.App.1976). This ground of error is overruled.

Appellant's second ground of error follows: "The conviction should be reversed in that appellant's arrest was based on a flawed capias and the fruits of that arrest (the methamphetamine) should have been suppressed."

The procedure in Houston Municipal Courts regarding the issuance of a copy, including the one here involved, is as follows: The officer submits the ticket. A clerk types up the complaint and swears to it. The person swearing to it has no knowledge of the offense itself. The clerk swearing to it does not even have a conversation with the officer. If a person does not ap-

**140**

pear in court, a capias Texas Warrant of Arrest is issued. The clerk has the authority to stamp and issue the capias.

Appellant cites us *Hernandez v. State*, 600 S.W.2d 793 (Tex.Cr.App.1980). However, this was a different situation. In *Hernandez v. State*, supra, a clerk issued a capias where *V.A.C.C.P., Art. 17.19*, required a magistrate to issue a warrant. Therefore, evidence seized pursuant to the invalid capias was invalid under *V.A.C.C.P., Art. 38.23*. However, *Art. 23.01* of *V.A.C.C.P.* provides:

> "A 'capias' is a writ issued by the court or clerk, and directed 'To any peace officer of the State of Texas,' commanding him to arrest a person accused of an offense and bring him before that court immediately, or on a day or at a term stated in the writ."

This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice, concurring.

I concur in the affirmation of the judgment.