NOS. 12-00-00351-CR


 12-00-00352-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEVIN WADE BROWN,
§
 APPEAL FROM THE 392ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Kevin Wade Brown ("Appellant") appeals his two convictions for possession of a controlled
substance with the intent to deliver. After the trial court denied Appellant's motion to suppress the
evidence, Appellant pleaded guilty and was sentenced to forty and twenty years of imprisonment,
respectively, to run concurrently. Appellant contends that the trial court erred in denying the motion
to suppress the evidence because the arresting officer did not have probable cause to stop Appellant
for a traffic offense. We affirm.

 Appellant was stopped for a traffic violation by an Athens police officer, Ben Boyd ("Boyd").

Boyd testified that Appellant was driving on the inside lane of a two-lane highway, with the turn lane
on Appellant's left. The posted speed limit was sixty-five miles per hour with no minimum speed. 
Boyd testified that he observed Appellant's vehicle was being passed by other vehicles in the right
lane and that Appellant continued driving without making a left turn. Boyd stated he knew that it
was a violation of the traffic code to drive in the inside lane slower than posted speed and not make
an immediate attempt to turn left. Tex. Transp. Code Ann. § 545.051(b) (Vernon 1995). Boyd
testified that when he operated his emergency equipment in order to make the stop, the vehicle
continued to travel for a mile-and-a-half before pulling over. He approached the driver's side of the
vehicle and asked Appellant for his driver's license, which he was unable to produce. Further, Boyd
testified that after he ran a license check on Appellant, it was determined that Appellant's license had
been suspended for a prior drug offense. He arrested Appellant and performed an inventory search
of the vehicle prior to its being towed from the location of the stop. During his search, Boyd found
a loaded .45 caliber handgun, a blue zipper baggie containing weighing scales, two plastic baggies
of marijuana, one plastic baggie containing methamphetamines, and one baggie of amphetamines.

 In his motion to suppress, Appellant alleged that he was not prohibited from driving in the
left-hand lane if there were three marked lanes of traffic available. Tex. Transp. Code Ann. §
545.051(a) (Vernon 1995). The State countered with evidence that the roadway was merely a two-
lane roadway with a designated left turn lane and not a three-lane roadway. The trial court agreed
with the State and denied the motion to suppress.

 In reviewing a trial court's decision on a motion to suppress, we give almost total deference
to the trial court's determination of historical facts and mixed questions of law and fact which turn
on an evaluation of credibility and demeanor, but we review its application of law, such as questions
involving reasonable suspicion and probable cause, de novo. See Ornelas v. United States, 517 U.
S. 690, 697-99 (1996); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Where,
as here, a trial court makes no explicit findings of historical fact, we presume it made findings
necessary to support its ruling as long as those implied findings are supported by the record.
Carmouche, 10 S.W.3d at 327-28.

 As a basis for ruling on a motion to suppress evidence, a trial court may choose to believe
or disbelieve any or all of the witnesses testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex.
Crim. App. 1980). Further, an appellate court is not at liberty to disturb any finding which is
supported by the record. Green v. State, 615 S.W.2d 700, 707 (Tex. Crim. App. 1980); see e.g.,
Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990); Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990). We, therefore, review the evidence in the light most favorable to the
trial court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); State v. Munoz,
991 S.W.2d 818, 821 (Tex. Crim. App. 1999). 

 The issue in this case is not whether Appellant believes he committed an offense. Rather,
the issue is whether a police officer who observes a vehicle violating a statute has reasonable
suspicion to make a traffic stop. See Gajewski v. State, 944 S.W.2d 450, 452 (Tex. App.-Houston
[14th Dist.] 1997, no pet.)(holding traffic laws are designed to protect not only the safety of persons
in other vehicles, but also the safety of the driver in question).

 A peace officer, after a bona fide stop for a traffic offense, may then make an additional arrest
for any other offense discovered during the investigation. Taylor v. State, 421 S.W.2d 403, 407
(Tex. Crim. App. 1967); Cunningham v. State, 11 S.W.3d 436, 440 (Tex. App.-Houston [14th
Dist.] 2000, no pet.). Moreover, the officer may conduct a search incident to such arrest. 
Christopher v. State, 639 S.W.2d 932, 935 (Tex. Crim. App. 1982). Probable cause exists where
the facts and circumstances within the officer's knowledge and of which he has reasonably
trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the
belief that a particular person has committed or is committing an offense. Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991).

 Boyd stopped Appellant's vehicle for going slower than the posted speed limit while driving
in the inside lane and not making a left turn, a violation of section 545.051(b) of the Texas
Transportation Code. Tex. Transp. Code Ann. § 545.051(b) (Vernon 1999). It is well settled that
a traffic violation committed in an officer's presence authorizes at least an initial stop. Tex. Code
Crim. Proc. Ann. art. 14.01(b) (Vernon 1995); Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim.
App. 1982); McCallum v. State, 608 S.W.2d 222, 225 (Tex. Crim. App. 1980). During his
investigation, Boyd learned from sources on which he could rely that Appellant's driver's license
was suspended. Since Appellant was driving the vehicle, he was subject to arrest. Article 14.01 of
the Texas Code of Criminal Procedure states: 


 (a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense
is committed in his presence or within his view, if the offense is one classed as a felony or as an
offense against the public peace. 


 (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence
or within his view.



Tex. Code Crim. Proc. Ann. art. 14.01(a)(b) (Vernon 1995).

 We hold Appellant's arrest for driving while license was suspended was lawful under article
14.01 of the Texas Code of Criminal Procedure and that the ensuing search was also lawful. The
trial court did not err by denying Appellant's motion to suppress. Accordingly, Appellant's sole
issue is overruled.

 The judgments of the trial court are affirmed.


Opinion delivered December 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)