**Don J. JACKSON, Appellant,**

v.

**LaVada S. JACKSON, Appellee.**

No. 12578.

Court of Civil Appeals of Texas, Austin.

June 8, 1977.

Edward C. Small, Small, Craig & Werkenthin, Austin, for appellant.

Phil Mockford, Austin, for appellee.

SHANNON, Justice.

Appellant, Don J. Jackson, filed suit for divorce against appellee, LaVada S. Jackson, in the district court of Travis County. Appellee filed a cross-action for divorce in which she sought custody of the children, a division of the property, and an order that appellant make child support payments.

The parties were married in 1957 and they had three children. All of the parties' property was community.

After trial to the court, judgment was entered granting appellee the divorce. The district court appointed appellee managing conservator of the three children: Cynthia Diane, age fourteen; Bradley Don, age twelve; and Holly Lynn, age ten. The judgment provided further that Jackson pay one hundred seventy-five dollars each month for each child until that child reached the age of eighteen years. The judgment also divided the real and personal property between the parties. The net value of the items of real and personal property set aside by the judgment to appellee was $364,300.15. The net value of the items of real and personal property set aside to appellant by the judgment was $369,500.27.

Jackson does not question that part of the judgment ordering the divorce and naming appellee managing conservator of the children. Jackson attacks the balance of the judgment by a number of points of error claiming that the district court abused its discretion in dividing the real property and in ordering child support in the indicated sums.

As appellant described, he has been ". . . in the borrowing money business for the last five years." More specifically, Jackson has borrowed money on real estate to build improvements or to buy more real estate. Jackson has a college degree in business administration and accounting. For five years prior to trial Jackson had not held employment in the conventional sense.

Appellee attended college for about one and a half years after which she discontinued her education to earn funds for Jackson to continue his education. Although appellee planned the furnishings and decorated the apartments and duplexes owned by the parties, she had no formal training or special skills with which to earn a living.

With the exception of some ranch lands, the parties' real estate was rental property. All of the real estate was burdened with indebtedness. At trial time the mortgage payments considerably exceeded the rental income. Before separation, appellee had urged Jackson to sell some of the negative "cash flow" property, but he had consistently refused to do so.

The items of real estate set aside in the judgment to appellee, other than the residence, consisted primarily of duplexes that at trial time were producing a modest "cash flow." The items of real estate set aside to Jackson were the ranch lands, apartments, and commercial properties. The mortgage

payment exceeded the income on each property set aside to Jackson. Jackson argues that the district court abused its discretion in separating ". . . out the cream of the crop properties, which were healthy and generated a positive cash flow" and in awarding those to appellee and in leaving him with those properties which have a negative "cash flow."

■ With respect to the power of the divorce court to divide the property of the parties, Tex. Family Code Ann. § 3.63 (1975) provides that the court shall divide the property ". . . in a manner that the court deems just and right, having due regard for the rights of each party . . ." The well established rule is that the court is not required to divide the property equally between the parties. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). It is presumed that the divorce court properly exercised its discretion in the division of the property, and its judgment will not be reversed unless there was a clear abuse of discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex. 1974), *Dickson v. Dickson*, 544 S.W.2d 200 (Tex.Civ.App.1976, writ dism'd w.o.j.).

■ The division of the property was weighted in favor of appellee. Nevertheless, under the circumstances, the district court was justified awarding the more favorable properties to appellee. Appellant has the preparation and experience that equip him to earn a livelihood. Appellee, to the contrary, has no formal training or skills with which to earn a living. In addition, the properties awarded appellee are manageable from her home. Finally, appellee, judging from past experience, has no reasonable expectation that Jackson will be faithful in his financial responsibilities to his children, and she must be prepared, in that event, to provide for the children.

As written previously, the amount of the mortgage payments of the parties' combined real properties exceeded the rental income. Much of the negative "cash flow" resulted from properties that Jackson, for his own reasons, had refused to sell. Whether or not the parties had divorced, necessity's sharp pinch would have soon forced the sale of those failing properties. In the division of the properties the district court must have concluded that Jackson, because of his experience in buying and selling of property, was in a better position than appellee to salvage something from the properties that had to be sold.

Jackson's other major complaint is that the district court abused its discretion in requiring him to pay support in the sum of one hundred seventy-five dollars each month for each child.

■ A judgment ordering child support will not be reversed unless the district court abused its discretion. Likewise, the judgment ordering child support payments will not be reversed simply because the reviewing court considers those payments too high or too low. The duty of a parent to support his children after divorce corresponds to the needs of the children and to the ability and earning capacity of the parent. *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425 (Tex.Civ.App.1976), affirmed (Docket No. B–6019, May 18, 1977, not yet reported).

There was evidence concerning the usual needs of three active children. In particular two of the children require corrective dental work, and the youngest child has a chronic bladder infection, all of which indicate future medical expenses. The two oldest children are engaging in school sports which require extra expenditures.

There was also evidence which reflected Jackson's past priorities in the expenditure of his money. Prior to the trial on the merits, Jackson gathered together his resources and went with a girl friend on a trip to Israel. During the same time he did not provide for the care and maintenance of his children.

■ To satisfy the law's command that he support his minor children, Jackson may have to forego some of the indulgences which he has enjoyed in the past. Possibly, he may have to obtain employment. In that connection, Jackson's education and experience equip him to secure a well paid

position. The district court did not abuse its discretion in ordering the child support payments in the indicated sums.

■ By point of error Jackson claims that the district court erred in failing to file findings of fact as to the negative and positive "cash flows" generated by each of the respective real properties. Because Jackson's request would have required fact findings evidentiary in character, the court did not err in refusing to make those findings. *Sauer v. Johnson*, 520 S.W.2d 438 (Tex.Civ.App. 1975, writ ref'd n.r.e.).

The judgment is affirmed.