Mae CAUSEY, Appellant,

v.

S. Graham CATLETT, Appellee.

No. 20371.

Court of Civil Appeals of Texas,
Dallas.

Sept. 8, 1980.

Daniel G. Fish, Dallas Legal Services Foundation, Inc., Dallas, for appellant.

S. Graham Catlett, Little Rock, Ark., for appellee.

Before GUITTARD, C. J., and ROBERTSON and HUMPHREYS, JJ.

ROBERTSON, Justice.

This is an appeal by a tenant from an adverse judgment in favor of a landlord in a suit for violation of (1) Tex.Rev.Civ.Stat. Ann. art. 5236c (Vernon Supp.1980) by willful exclusion of the tenant by the landlord from the tenant's premises other than by judicial process; (2) Tex.Rev.Civ.Stat.Ann. art. 5236d (Vernon Supp.1980) by seizing exempt property under a landlord's lien for rent; and (3) Tex.Bus. & Com.Code Ann. § 17.46(b)(12) (Vernon Supp.1980) by misrepresenting certain rights of the landlord. Trial before the court resulted in a take—nothing judgment against plaintiff Mae Causey, in favor of defendant S. Graham Catlett, owner and operator of Southgate Apartments, on all three causes of action pleaded. We reverse and remand because we hold that the landlord willfully seized exempt property in violation of article 5236d; however, we affirm as to the alleged violations of article 5236c and § 17.-46(b)(12).

Plaintiff rented an apartment at Southgate Apartments under a lease agreement, executed March 8, 1977, which provided for a landlord's lien in the event of default by the tenant. In August of 1977, plaintiff's rent was in arrears and defendant instituted eviction proceedings. Pursuant to settlement of the eviction proceedings, plaintiff,

on September 4, 1977, executed an agreement, prepared by defendant, purporting to grant defendant a security interest in all of plaintiff's property located in her apartment. In March of 1978, plaintiff again fell behind in her rent and a lock–out knob was placed on the door of her apartment.

■ In her first cause of action plaintiff complains that defendant violated article 5236c, § 2, which provides:

It shall be unlawful for a landlord or his agent to willfully exclude a tenant from the tenant's premises in any manner except by judicial process. Willful exclusion shall mean preventing the tenant from entering into the premises with intent to deprive the tenant of such entry. Provided, however, a landlord or his agent shall not be prevented from removing the contents of the premises when the tenant has abandoned the premises or from changing door locks when the tenant's rentals are in fact delinquent in whole or in part. When such door lock is changed under such circumstances, a written notice shall be left on the tenant's front door describing where the new key may be obtained at any hour and describing the name of the individual who will provide the tenant with such key; and such key shall be provided regardless of whether the tenant pays any delinquent rentals.

Plaintiff alleges that defendant violated this statute by placing the lock–out knob on her door and not leaving the required written notice. Defendant does not dispute that his agent placed the lock–out knob on plaintiff's door; however, defendant's agent, the apartment manager, testified that she left the required written notice. There was no testimony that the notice was not posted. Plaintiff, and several of plaintiff's witnesses, testified that they did not see the notice. The statute requires that notice be posted, but does not require that it remain for a certain period. The trial court's finding that written notice was posted is supported by some evidence of probative force, and thus, will not be disturbed on appeal. *See Page v. Central Bank & Trust*

*Company*, 548 S.W.2d 802, 804 (Tex.Civ. App.–Eastland 1977, no writ).

Plaintiff next contends that defendant willfully violated article 5236d, § 2, which provides in pertinent part:

Notwithstanding any other statute to the contrary, there shall be exempt from the lien set out in Section 1 above, the following: ... (6) household furniture to the extent of one couch, two living room chairs, dining table and chairs, ... (8) all kitchen furniture and utensils, ....

Plaintiff alleges defendant willfully violated this statute by removing from her apartment a deep freeze and six dining chairs. Defendant concedes that his agent removed the property, but justifies the removal and seizure under the provisions of the lease agreement and the agreement of September 4, 1977, purporting to grant him a landlord's lien to secure the payment of delinquent rent. He further maintains that the deep freeze is not included in the statutory phrase "kitchen furniture and utensils" because the exemption applies only to necessary furniture and utensils, and a deep freeze is a luxury rather than a necessity.

■ We hold as a matter of law that the deep freeze is included in "kitchen furniture and utensils" within the meaning of article 5236d, § 2, since the statute contains no limitation based either on the value of the necessity to the family or the use of the property to which the exemption applies. *Mueller v. Richardson, et al.*, 82 Tex. 361, 18 S.W. 693 (1891). Thus, it was exempt from seizure by the landlord, and its seizure was a violation of article 5236d. Plaintiff maintains that the trial court's finding of fact number 10, that if defendant violated article 5236d, such violation was not willful, is against the great weight and preponderance of the evidence. The word "willful," when used in a penal statute, such as the statute here, means "... without reasonable ground to believe the act lawful." *City of Baird v. West Texas Utilities Co.*, 145 S.W.2d 965 (Tex.Civ.App.–Eastland 1940, writ dism'd judgmt. cor.); *State ex rel. Hickman v. Alcorn*, 78 Tex. 387, 14 S.W. 663 (1890). This definition does not require knowledge that the act was unlawful.

Defendant's agent, the apartment manager, admitted that she had "a copy of a statute" showing her "what could be confiscated under the landlord's lien law and what should be not." She agreed that there are certain items that are exempt from a landlord's lien, and admitted making the statement, "Will remove all if not taken out in three days." Defendant, an attorney licensed to practice law in Arkansas, admitted that "There's some property exempt by statute." He further admitted that he is familiar with the landlord's lien statute in Texas and that the apartment manager had been trained "as to what she may do and may not do . . . ." Considering and weighing all of the evidence in the case, we conclude that finding of fact number 10 is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

Lastly, plaintiff complains that defendant violated the Texas Deceptive Trade Practices and Consumer Protection Act, Tex. Bus. & Com.Code Ann. § 17.46 (Vernon Supp.1980). The trial court found that there was no testimony "as to any measure of damages for violation of Texas Deceptive Trade Practices Act," and counsel for plaintiff stipulated on the oral submission of this case that plaintiff would not pursue her third cause of action.

The judgment is reversed and remanded insofar as concerns plaintiff's claim for seizure of exempt property; otherwise, it is affirmed.