**H.C. BYLER, Appellant,**

v.

**Gerardo Sandoval GARCIA, Appellee.**

No. 14082.

Court of Appeals of Texas, Austin.

Jan. 16, 1985.

Rehearing Denied Feb. 13, 1985.

---

John C. Augustine, Fitzgerald, Meissner, Augustine & Alexander, Austin, for appellant.

Philip C. Friday, Jr., Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

## ON MOTION FOR REHEARING

GAMMAGE, Justice.

This Court's opinion and judgment filed on December 19, 1984, are withdrawn; the following opinion and judgment of even date are filed in their place.

Appellant, H.C. Byler, appeals from the judgment of the trial court awarding appel-

lee, Gerardo Sandoval Garcia, $3778.06 in actual and exemplary damages, (including trebled damages of $625 for retention of security deposit), in addition to $3555 for attorney's fees in a cause of action for wrongful eviction.

We will modify the judgment of the trial court and, as modified, affirm it.

Gerardo Sandoval Garcia, a citizen of Guatemala, entered into a short-term lease with H.C. Byler on or about November 3, 1981, for the rental of apartment number 304 at 3104 Duval, Austin. Garcia gave Byler a check for $370. The payment consisted of $195 for rent, $100 for deposit, and $75 as consideration for a special agreement between the parties allowing Garcia to have a short-term, 45-day lease, rather than the standard six-month lease.

Thereafter, Garcia approached Byler in an effort to extend the short-term lease. Byler informed Garcia that the apartment had already been relet. Subsequently, Garcia and Byler entered into another lease for apartment number 101. Garcia's personal effects were transferred to his new apartment by members of Byler's staff on December 15, 1981.

After the commencement of the second lease, Garcia informed Byler that he would be going to Guatemala during his Christmas vacation and furnished Byler a check for the January rent which was subsequently deposited by Byler. Garcia had not received any notification of alleged lease violations up to that time concerning either lease.

Garcia departed for Guatemala around the 18th of December and returned on January 27th to discover apartment 101 had been relet and his belongings removed. Unable to reach Byler, Garcia stayed in a motel that night. The following day, Garcia met with Byler and demanded both his apartment and the return of his personal effects. Byler refused to restore apartment 101 to Garcia and, instead, proffered another apartment in the neighboring Maui Kai complex, which Byler did not own. At this time, Byler purported to pay the deposit and the February rent for the Maui Kai

apartment. Garcia's belongings, which had been placed in garbage bags, were delivered to the apartment in Maui Kai.

On February 1, 1982, Garcia received a series of written notices from Byler demanding $210 for the February rental on the Maui Kai apartment, payment for various violations under his first lease, and Garcia's return of the keys to apartment 101. According to Byler, Garcia violated his first lease agreement by the following: an unauthorized overnight guest of the opposite sex in the apartment on two separate occasions, a late rental payment, failure to clean the first apartment, and failure to timely vacate the first apartment. Garcia had already delivered the keys to the occupants of apartment 101, when his belongings were taken out of storage and transferred to the apartment at Maui Kai.

Thereafter, Byler filed a forcible entry and detainer suit in the justice court to evict Garcia from the Maui Kai apartment. The justice court ultimately dismissed this suit and ordered a take nothing judgment against Byler's claim for damages. Garcia then nonsuited his cross-action for damages in the justice court and filed suit for wrongful eviction in the county court at law. The court entered judgment for Garcia and awarded actual and exemplary damages, in addition to attorney's fees.

Byler complains by points of error one, two and three that the trial court erred in its denial of his motion for new trial, the award of exemplary damages, and the award of attorney's fees, arguing there was insufficient evidence to support a finding that Byler's conduct was willful and reckless under either 1973 Tex.Gen.Laws, ch. 441, art. 5236c, § 2, art. 5236d, §§ 5, 6, 7, at 1226, or a common law theory of wrongful eviction.

According to Byler, his action in reletting apartment 101 during Garcia's absence was prompted by a belief that the apartment was abandoned and, therefore, such an act could not constitute willful conduct.

The word "willful," when used in a penal statute, means "... without reason-

able ground to believe the act lawful." This definition does not require knowledge that the act was unlawful. *Causey v. Catlett,* 605 S.W.2d 719 (Tex.Civ.App.1980, no writ). Art. 5236 provides, in pertinent part:

Art. 5236c

... Willful Exclusion by Landlord

Sec. 2. It shall be unlawful for a landlord or his agent to willfully exclude a tenant from the tenant's premises in any manner except by judicial process. Willful exclusion shall mean preventing the tenant from entering into the premises with intent to deprive the tenant of such entry. Provided, however, a landlord or his agent shall not be prevented from removing the contents of the premises when the tenant has abandoned the premises....

Art. 5236d

Sec. 5. It shall be unlawful for any landlord or his agent to seize any property exempt under Section 2 above, under any circumstances. It shall be unlawful for a landlord or his agent to seize any property not exempt under Section 2 above, unless pursuant to the terms of a written rental agreement between the landlord and the tenant.

Sec. 6. Nothing herein shall prevent a landlord or his agent from removing the contents of the premises when the tenant has abandoned the premises.

Sec. 7. Upon willful violation of this Article by the landlord or his agent, the tenant may recover one month's rent, plus actual damages, plus reasonable attorney's fees, less any delinquent rentals or other sums for which the tenant is liable.

■ Our review of the record discloses statements by Byler which, without more, are sufficient to support a finding that his conduct was willful. The record, however, does contain more. Interlaced with Byler's claim that he believed the apartment to be abandoned were statements by Byler's agent and his attorney that there was apparently someone using the apartment during Garcia's supposed absence. These statements clearly negate the assertion of abandonment.

Byler further asserts that his actions in obtaining an apartment for Garcia and his payment of the February rent and deposit for the Maui Kai Apartment evidenced his good will. However, the record also shows that Byler delivered a rent due notice to Garcia for $210 of the February rent and then filed a forcible entry and detainer suit against Garcia for his failure to pay this sum in addition to amounts claimed for various lease violations that Byler asserted Garcia had committed.

All of the above support a finding that Byler acted without a reasonable basis for believing the act was lawful. Points of error one, two and three are overruled.

Byler contends by his fourth point of error that the trial court erred in awarding actual damages and attorney's fees pursuant to the applicable statutory provisions and exemplary damages under common law. He asserts that a tenant must elect to pursue either the statutory or the common law cause of action and thereby recover only under one or the other. Article 5236c provided, however, that

Nothing in this Article shall serve to affect or diminish any of the rights of the landlord or tenant under contract, statute, or common law which are consistent with the provisions hereof.

■ Under Texas law, in a situation where common law and a statute both provide remedies, the statutory remedy is cumulative of the common law remedy unless the statute expressly or impliedly negatives or denies the right to the common law remedy. *Gulf, C. & S.F. Ry. Co. v. Woods,* 262 S.W. 229 (Tex.Civ.App.1924, no writ). Here, the statute expressly provides that common law remedies consistent with it are not affected. The trial court did not err in awarding damages under both statutory and common law.

■ Byler further argues that the award of exemplary damages under common law and attorney's fees under the statute amounted to a double recovery for Garcia

because attorney's fees are an element of exemplary damages. While it is true that attorney's fees may be included in exemplary damages. *Allison v. Simmons,* 306 S.W.2d 206 (Tex.Civ.App.1957, writ ref'd n.r.e.), they are not a necessary element in the computation of exemplary damages. The trial court, in this instance, held in its findings of fact and conclusions of law that the exemplary damages were computed by multiplying the actual damages by five. It did not include attorney's fees in its consideration of exemplary damages, but awarded attorney's fees under the statute. Consequently, there was no double recovery of attorney's fees. The fourth point of error is overruled.

In his fifth point of error, Byler contends the trial court erred in awarding damages and attorney's fees under Article 5236e because there was insufficient evidence that Byler's retention of Garcia's security deposit was done in bad faith. Under Article 5236e, if the landlord in bad faith does not return the tenant's security deposit within thirty days after the tenant surrenders the premises, the landlord will be liable for $100, plus treble that portion of the deposit wrongfully withheld and reasonable attorney's fees to recover the deposit. The burden of proof is on the landlord to show his retention of the security deposit was reasonable, and the landlord must also carry the burden of proof to rebut the presumption of bad faith that arises when the deposit is not returned within thirty days.

According to Byler, Garcia committed several violations under the first lease, entitling Byler to retain the security deposit. The security deposit for the first apartment had been transferred, however, as a security deposit under the second lease agreement. Under these facts, Byler had the right to bring a cause of action for the violations alleged, but had relinquished his right to retain the security deposit in satisfaction of the damages when he released it for use as a security deposit under the second lease agreement. Byler claimed no damages or charges under the second lease. Indeed, Garcia resided in the apartment under the second lease for only three days before departing for Guatemala. Byler's action in retaining the deposit for more than thirty days without rebutting the presumption of bad faith entitled Garcia to the damages prescribed in the statute for wrongful detention of the security deposit. Byler's fifth point of error is overruled.

In Byler's sixth and seventh points of error, he contends that the trial court erred when it found the amount of the security deposit to be $175, rather than the $100 provided in the lease agreement. He argues the additional $75 was consideration for the granting of a short-term lease. Garcia concedes these points and we will sustain them and reform the trial court's judgment accordingly.

Byler complains in his eighth point of error that the trial court erred in awarding attorney's fees pursuant to Tex.Rev. Civ.Stat.Ann. art. 2226 (Supp.1984), which provides for attorney's fees in certain instances, including a claim on an oral or written contract. The court's findings of fact and conclusions of law reflect that the trial court did not base its judgment on a contract theory, and therefore, the court could not have awarded attorney's fees under article 2226. The judgment does reveal, however, that the trial court also awarded attorney's fees on the basis of article 5236c, d, and e for wrongful eviction. These statutory provisions, standing alone, are sufficient to uphold the award of attorney's fees. Any error attributable to including article 2226 under the award of attorney's fees was harmless. Tex.R.Civ. P.Ann. 434 (1984). Point of error eight is overruled.

Byler complains in point of error nine that the trial court erred in its award of damages in that the calculation included exemplary damages for breach of contract for which there is no basis in law. As previously mentioned, the findings of fact and conclusions of law show that the trial court did not award any damages for a breach of the lease agreement, but ground-

ed its award of damages on wrongful eviction. Byler's ninth point of error is without merit and is overruled.

 Finally, Byler's tenth and eleventh points of error concern the trial court's failure to offset Byler's claim for damages in the amount of $210 for the February rent and various charges for the breach of the first lease agreement. In the trial court's findings of fact and conclusions of law, it found Byler was not entitled to offset any of the claimed damages. The trial court's fact findings must be upheld on appeal if the record contains more than a scintilla of evidence to support them. We must review the evidence in its most favorable light, considering only evidence and inferences which support the findings and rejecting evidence and inferences contrary to the findings. *Stedman v. Georgetown S. & L. Ass'n,* 595 S.W.2d 486 (Tex.1980).

Regarding the claim for $210 of the February rent, the record reflects that Garcia had entered into a separate lease with the owner of Maui Kai for the apartment he was occupying and that Garcia had in fact paid a February rental to that landlord. The record also shows that the trial court had sufficient evidence to deny recovery on the other charges alleged by Byler. Consequently, the tenth and eleventh points of error are overruled.

Accordingly, the judgment is reduced by $225 (the trebled $75.00 conceded by Garcia to be consideration for Byler's grant of a short-term lease), and modified to provide that Garcia recover from Byler, as actual and exemplary damages, the sum of $3553.06, instead of $3778.06. As so modified, and in all other respects, including the award of attorney's fees, as provided therein, the judgment of the trial court is affirmed.