**Joe Ricardo GARCES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–016–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 19, 1987.

Timothy Jackson, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William Delmore, Douglas Davis, J. Sidney Crowley, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Joe Ricardo Garces (appellant) was convicted of possession of heroin in a non-jury trial and was sentenced to ten years confinement. In his first three points of error, the appellant contends that the contraband should have been suppressed because he either did not consent to the search or that the search exceeded his consent. In his last point of error he complains of the court reporter's loss of the consent to search form. We overrule appellant's points of error and affirm the judgment of the trial court.

Several police officers went to the appellant's apartment in order to investigate a homicide. They wanted to speak to a sus-

pect named "Flaco" because the widow of one of the victims had told them that her husband went to meet Flaco on the night of his death in order to arrange a purchase of 25,000 mandrex tablets. Appellant acknowledged that he was known as Flaco. The officers then stated their purpose. The odor of marijuana was present and they asked appellant where his drugs were. Appellant gave the officers a baggie of marijuana. Officer Phillips testified that he asked for and received a written consent from the appellant to search the premises. The officers were looking for two handguns of a particular caliber and large quantities of narcotics. Neither officer Phillips nor Officer Hernandez informed appellant what they were looking for. The officers discovered some two pounds of marijuana and some mandrax tablets. Heroin wrapped in tin foil was found in the refrigerator.

█ We note initially that the appellant may not have any right to protest this search. Appellant did not testify at the trial and thus failed to establish that he had a privacy interest that was violated. He failed to show that he had sufficient standing to contest the search. *Wilson v. State*, 692 S.W.2d 661 (Tex.Crim.App.1984) (opinion on rehearing). The State may raise this issue on appeal for the first time since the defendant has the burden to show standing. *Id.* On this basis, appellant's points of error one through three should be overruled. We, however, have analyzed the merits of appellant's contentions and have found them to be baseless.

Appellant appeared to waive any objection to the voluntariness of the search since he made no such objection in the trial court. In *McCallum v. State*, 608 S.W.2d 222 (Tex.Crim.App.1980) (opinion on rehearing) the court held that a ground of error on appeal complaining of the voluntariness of a consent to search should not permit the court to consider the scope of the consent given. Although this is the reverse situation, we hold that the principles of *McCallum* apply. In order to complain on appeal of the voluntariness of the search,

the specific objection must be raised on appeal. *See also* Tex.R.App.P. 52(a).

█ In any event no evidence exists that the consent was not given voluntarily. The appellant complains that he only speaks broken English, but the record clearly reflects he conversed, at least part of the time, with Spanish speaking officers. He also complains that he was misled as to the purpose of the search, but the record reflects that the officers did not tell him what they were looking for. In the absence of any testimony from appellant, no evidence exists that he was incapable of understanding the consequences of signing the consent to search form.

█ The facts also indicate that the search was within the scope of the consent. The appellant attempted to show the trial court that the officers told him that they were only looking for weapons and a large quantities of drugs. In fact, the officers testified that they did not tell the appellant what they were looking for. The appellant, however, should have realized that this search was certainly going to include drugs after he had voluntarily handed the officers a baggie of marijuana. Under the totality of the circumstances, the officers plainly had probable cause to believe that there were other controlled substances in the apartment prior to the opening of the tin foil packet found in the refrigerator. *See Delgado v. State*, 718 S.W.2d 718 (Tex. Crim.App.1986). Appellant's first three points of error are overruled.

█ In his fourth point of error, the appellant claims that he has been prejudiced by the loss of a consent to search form by the court reporter. The appellant cannot now complain of the loss of that consent when he has contributed to the loss. In an analogous situation of a loss of the record by the court reporter, in order for the loss to mandate reversal the appellant must be without fault. *Delasantos v. State*, 673 S.W.2d 634 (Tex.App.—Waco 1984, no pet.); *see also* Tex.R.App.P. 50(e). We hold that this same principle applies to the loss of the consent form. Sentencing of the appellant was delayed over two years because he could not be located. Al-

though this period was less than the three year statutory time that Tex.Gov't.Code Ann. § 52.046(a)(4) (Vernon 1987) requires the court reporter to keep her materials, this defendant caused the kind of delay that may be anticipated to cause lost items.

This is not a case where appellant filed notice of appeal and then became a fugitive from justice. In that situation once notice has been given then the record may not be destroyed because of the escape of an appellant. *Austell v. State*, 638 S.W.2d 888 (Tex.Crim.App.1982). Here the appellant became a fugitive before notice of appeal was filed. Defendant failed to appear at the time of sentencing and was in fact missing for over two years. Appellant, therefore, was not diligent in prosecuting his appeal. This delay in filing for an appeal contributed to the loss. We see no reason why appellant should profit from his misconduct. We overrule appellant's fourth point of error.

For the reasons set forth we affirm the judgment of the trial court.