**CULLEN FROST BANK, Petitioner,**

v.

**DALLAS SPORTSWEAR COMPANY, INC., Respondent.**

No. C–5523.

Supreme Court of Texas.

May 27, 1987.

W. Mike Baggett and Tonya P. Johannsen, Winstead, McGuire, Sechrest & Minick, Dallas, for petitioner.

John Wright and Susan J. Wilson, John Wright & Associates, Grand Prairie, for respondent.

OPINION

RAY, Justice.

This case involves the question of whether Cullen Frost Bank had a duty to notify Dallas Sportswear Company, Inc. of its intended disposition of Dallas Sportswear's collateral and whether Cullen Frost had a duty to dispose of the collateral in a commercially reasonable manner. Cullen Frost. held five promissory notes from Dallas Sportswear. A security agreement secured the loans and Dallas Sportswear's accounts receivable were part of the collateral pledged. Two of the notes were not timely paid and by letter dated March 11, 1981 Cullen Frost properly declared the entire indebtedness due and demanded immediate payment.

The March 11 letter also directed Dallas Sportswear to take the following actions regarding the accounts receivable collateral:

(1) To immediately deposit all receipts of collected accounts receivable to a Special Account at Bank, which Special Account will be under the sole control of Bank and which account balance will be applied against the unpaid indebtedness of Debtor to Bank; and

(2) To allow a duly authorized and identified representative of Bank to be on Debtor's premises during all working hours to observe and review the actions of Debtor.

The letter further provided that if Dallas Sportswear did not comply Cullen Frost would foreclose on its security interest in all collateral. Dallas Sportswear complied with the Bank's requests and ultimately the entire amount of the indebtedness was satisfied.

Dallas Sportswear subsequently brought suit against Cullen Frost for economic losses and the trial court granted a summary

judgment in favor of Cullen Frost. The court of appeals in an unpublished opinion affirmed the judgment in part but reversed in part reasoning that Tex.Bus. & Comm. Code Ann. § 9.504 (Vernon Supp.1987) governed the disposition of the accounts receivable and that summary judgment was precluded by the existence of fact issues as to notice and whether the disposition was commercially reasonable.

We disagree. The liquidation of the accounts receivable is subject to the provisions of Tex.Bus. & Comm.Code Ann. § 9.502 (Vernon Supp.1987) which states:

> § 9.502. Collection Rights of Secured Party
>
> (a) When so agreed and in any event on default the secured party is entitled to notify an account debtor or the obligor on an instrument to make payment to him whether or not the assignor was theretofore making collections on the collateral, and also to take control of any proceeds to which he is entitled under Section 9.306.
>
> (b) A secured party who by agreement is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor and who undertakes to collect from the account debtors or obligors must proceed in a commercially reasonable manner and may deduct his reasonable expenses of realization from the collections. If the security agreement secures an indebtedness, the secured party must account to the debtor for any surplus, and unless otherwise agreed, the debtor is liable for any deficiency. But, if the underlying transaction was a sale of accounts or chattel paper, the debtor is entitled to any surplus or is liable for any deficiency only if the security agreement so provides.

The plain language of the statute does not require notice prior to a request that the debtor collect and turn over the proceeds of the accounts receivable. The notice and commercial reasonableness requirements apply only when the secured party attempts to collect directly from "an account debtor or the obligor on an instrument." § 9.502. Section 9.502(a) specifi-

cally authorizes the secured party to "take control of any proceeds to which he is entitled under Section 9.306." Cullen Frost was entitled to the proceeds of the accounts receivable pursuant to Tex.Bus. & Comm.Code Ann. § 9.306 (Vernon Supp. 1987). Thus, Cullen Frost's actions are within the bounds of § 9.306 and § 9.502.

Section 9.502 provides a procedure for liquidation of intangible collateral separate and apart from § 9.504. The liquidity of intangible collateral and the ease of its disposition do not require the same safeguards of notice and commercial reasonableness required for disposition of tangible collateral. There are no valuation problems and the likelihood of disrupting the debtor's business is much lower when accounts receivable are collected than when tangible property is foreclosed upon and sold. Our interpretation of § 9.502 is supported by the official comment thereto that states in part:

> [t]his section recognizes the fact that financing by assignment of intangibles lacks many of the complexities which arise after default in other types of financing, and allows the assignee to liquidate in the regular course of business by collecting whatever may be due on the collateral, whether or not the method of collection contemplated by the security arrangement before default was direct (i.e., payment by the account debtor to the assignee, "notification" financing) by indirect (i.e., payment by the account debtor to the assignor, "non-notification" financing).

There is no Texas caselaw or caselaw from other jurisdictions which deals with the exact question before us. However, caselaw regarding situations in which a creditor collects directly from the account debtor (notification) is instructive. It has been held that a creditor need not notify the debtor that it is proceeding directly against the account debtors. *Western Decor & Furnishings Industries, Inc. v. Bank of America National Trust and Savings Association*, 91 Cal.App.3d 293, 154 Cal.Rptr. 287 (1979). This holding is consistent with the writings of at least one

commentator and makes sense when the differences between tangible and intangible collateral are considered. Chapman, *Collection From Account Debtors: The Case for Notice to the Debtor Revisited*, 17 U.C.C.L.J. 3 (1984). Notice to the debtor is not required when the secured party collects directly from the account debtor. We hold that when the collection is indirect and the debtor is collecting the accounts for the secured party, prior notice is not required.

Texas Bus. & Comm.Code Ann. § 9.306 and § 9.502 specifically govern this case and § 9.504 is inapplicable. We therefore reverse that part of the judgment of the court of appeals relating to its holding that there were genuine issues of material fact as to notice and commercial reasonableness. The judgment of the trial court in favor of Cullen Frost is affirmed in its entirety.

SPEARS and MAUZY, JJ., note their dissent.