Sam STEIN, Individually and d/b/a
Sam Stein Security Company,
Petitioner,

v.

AMERICAN RESIDENTIAL
MANAGEMENT, INC.,
Respondent.

No. C–9431.

Supreme Court of Texas.

June 20, 1990.

Richard L. Ellison, Hugh P. Touchy, Houston, for petitioner.

Sherie M. Potts, Houston, Jeffrey S. Lynch, J. Thomas Gilbert, Dallas, Paul E. Stallings, Eileen F. O'Neill, Houston, for respondent.

PER CURIAM.

This lawsuit arose after Sandra Jacobs was killed by her husband in a Houston apartment complex. Members of Sandra Jacobs' family brought a wrongful death and survival action against the apartment management company, American Residential Inc. (ARM), and the security provider, Sam Stein Security Company (Stein), on the theory that ARM and Stein failed to provide adequate security.

Before trial, Stein and the plaintiffs entered into a Mary Carter agreement guaranteeing the plaintiffs a specific recovery. ARM filed a cross action against Stein for contribution. The jury found ARM and Stein equally at fault, and judgment was rendered for the plaintiffs on the verdict. ARM was allowed contribution from Stein for one-half of the damages recovered by Sandra Jacobs' estate but not as to recovery by other claimants. The court of appeals modified the judgment to provide contribution rights in full and otherwise affirmed the judgment of the trial court. 781 S.W.2d 385. The court of appeals, however, refused ARM's request that the court declare Mary Carter agreements void as against public policy, stating that such a decision should be left to the supreme court.

In its cross-points of error before this court, ARM renewed its request that Mary Carter agreements be declared void as against public policy. Because ARM did not object to the introduction of the Mary Carter agreement into evidence, error has not been preserved. *See* Tex.R.App.P. 52. Accordingly, we do not reach this point. The application for writ of error is hereby denied.