NUMBER 13-99-625-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


1988 OLDSMOBILE REGENCY VIN 1G3CX51C2J4311941 AND FIVE 

THOUSAND NINE HUNDRED THIRTY-THREE DOLLARS AND 

NO/100 ($5,933.00) U.S. CURRENCY , Appellant,



v.




THE STATE OF TEXAS , Appellee.

__________________________________________________________________



On appeal from the 94th District Court

of Nueces County, Texas.


__________________________________________________________________



MEMORANDUM OPINION

Before Justices Dorsey, Rodriguez, and Seerden (1)

Opinion by Justice Rodriguez




 Appellant, Cedric Webb, a/k/a Cedric Nickerson, challenges the trial court's judgment ordering forfeiture of $5,933.00 and
a 1988 Oldsmobile. By ten points of error, appellant complains of the sufficiency of the evidence, the admissibility of
evidence and the lack of procedural protections which allegedly resulted in an unfair trial. We affirm.

 As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

 In points of error one and two, appellant asserts the evidence was legally and factually insufficient to support the trial
court's order of forfeiture. Appellant contends the State did not establish, by a preponderance of the evidence, that his
property was derived from or was intended for use in the commission of a felony under the controlled substances act, or any
other enumerated offense. 

 In a civil forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is
contraband and, therefore, subject to forfeiture. See Tex. Code Crim. Proc. Ann. arts. 59.02(a) & 59.05(b) (Vernon 2001).
"Contraband" means property of any nature, including real, personal, tangible, or intangible, that is used or intended to be
used in the commission of any felony under chapter 481 of the Texas Health and Safety Code, the Texas Controlled
Substances Act, or the proceeds gained from the commission of such felony. (2) See Tex. Code Crim. Proc. Ann. arts.
59.01(2) (B) (i) & (C) (Vernon 2001).

 In addressing legal sufficiency, we must consider all of the evidence in a light most favorable to the party in whose favor
the verdict has been rendered, and indulge every reasonable inference deducible from the evidence in that party's favor. See
Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998); Hines v. Comm'n for
Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.--Corpus Christi 2000, no pet.). "Anything more than a scintilla of
evidence is legally sufficient to support the finding." Formosa Plastics, 960 S.W.2d at 48 (citations omitted). When the
evidence creates more than a mere surmise or suspicion of its existence, there is more than a scintilla of evidence. See
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). In determining a factual sufficiency point of error, we must
examine and weigh all evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. See $80,631.00 v. State, 861 S.W.2d 10, 12 (Tex. App.--Houston [14th Dist.]
1993, writ denied) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). The trier of fact, in this case the trial court, is
the exclusive judge of the credibility of the witnesses and the weight to be given to the testimony. See Jerry v. Kentucky
Cent. Ins. Co., 836 S.W.2d 812, 814 (Tex. App.--Houston [1st Dist.] 1992, writ denied);see also Ortiz v. Ford Motor
Credit Co., 859 S.W.2d 73, 76 (Tex. App.--Corpus Christi 1993, writ denied).

 Here the record reflects, inter alia, appellant was at the apartment when the search occurred. Officers found cocaine in a
duffel bag and marijuana in a dresser drawer. The officers also found numerous items, including over 100 baggies of
various colors and sizes that are commonly used in the packaging of drugs. Some of the baggies had drug residue on them. 
Appellant testified he found the baggies outside and took them into the apartment.

 Money was confiscated from the same apartment. Bills in the amount of $4,002 were found in a purse. The money was
divided into five separate bundles with a large number of smaller bills in each bundle. A narcotics officer testified that
carrying currency bundled in this manner was very suspicious. The purse elicited an alert from a drug detection dog. A
search of appellant revealed an additional $1,931. Appellant claimed that the money, totaling $5,933, belonged to him and
was proceeds from his car business.

 With respect to the 1988 Oldsmobile, the State established that appellant was the owner of the vehicle at the time the drugs
were found inside it. It was appellant's tangible personal property under chapter 59 of the code. See Tex. Code Crim. Proc.
Ann. art. 59.01(2) (Vernon Supp. 2001). The court heard evidence that approximately 120 grams of cocaine, cut into
distributable quantities, was found concealed in the paneling of appellant's vehicle, which was parked outside the front door
of the apartment. Possession of 120 grams of cocaine is a felony under chapter 481 of the health and safety code. See Tex.
Health & Safety Code Ann. § 481.115 (Supp. 2000). Moreover, although appellant testified he had loaned the vehicle to
others and was not in possession of it or its keys when the officers executed the search warrant, the State provided
testimony that appellant was in possession of the vehicle as well as its keys at the time the drugs were found. 

 Accordingly, after considering all of the evidence in a light most favorable to the State, and indulging every reasonable
inference deducible from the evidence in the State's favor, we conclude this is more than a mere scintilla of evidence of a
connection between the forfeited money, the vehicle and a felony under the controlled substances act, or any other
enumerated offense. See, e.g., $136,205.00 v. State, 848 S.W.2d 888, 890 (Tex. App.--Houston [14th Dist.] 1993, no writ)
(forfeiture of cash supported by its location in close proximity of marijuana and other narcotics paraphernalia, and by drug
detection dog alerting to money). Additionally, after examining and weighing all evidence, we conclude the verdict is not
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold the evidence is legally
and factually sufficient to support the forfeiture of the $5,933 and the 1988 Oldsmobile. Appellant's first and second points
are overruled.

 By point of error three, appellant contends the State lacked probable cause to seize his property as it did not establish a
connection between the forfeited property and the offense. The State must establish probable cause which is a reasonable
belief that a substantial connection exists between the property to be forfeited and the statutorily defined criminal activity. 
See State v. $11,014.00, 820 S.W.2d 783, 784 (Tex. 1991) (citations omitted). Based on the evidence set out above, we
conclude the State established a reasonable belief that a substantial connection existed between the property to be forfeited
and the offense. Appellant's third point of error is overruled.

 By points four and five, appellant contends the trial court erred in refusing to rule on his motion to suppress evidence
allegedly obtained as the result of an illegal search. (3) Other than referring this Court to arguments made to the trial court,
appellant provides no record cites regarding a motion to suppress. See Tex. R. App. P. 38.1(h) (brief must contain clear
and concise argument with appropriate citations to record). There is nothing in the appellate record that establishes a
motion to suppress was filed and ruled on in this civil forfeiture proceeding or in the state criminal proceeding that was
voluntarily dismissed by the State. Nothing in the record establishes that a suppression hearing was held on the warrant. 
Moreover, during the forfeiture trial, no objections were made to any of the evidence offered by the State on the grounds
upon which appellant now complains. Without addressing the issue of whether article 38.23(a) of the Texas Code of
Criminal Procedure, the exclusionary rule, applies in a civil forfeiture proceeding, see State v. $217,590.00, 18 S.W.3d 631,
632 n.1 & 636 (Tex. 2000) (O'Neill, majority & Abbott, concurrence), we conclude appellant has not preserved error, if
any, for our review. See Tex. R. App. Proc. 33.1; Tex. R. Evid. 103(a)(1); Stein v. American Residential Mgmt., Inc., 793
S.W.2d 1, 1 (Tex. 1990). Points of error four and five are overruled.

 In points of error six, seven and eight, appellant complains he was denied his fifth and sixth amendment right to confront
witnesses and to compulsory process. (4) The amendments, however, by their own terms, apply only to criminal prosecutions
and are, therefore, inapplicable in civil cases. See U.S. Const. Amend. V & VI; Texas Dep't of Pub. Safety v. Walter, 979
S.W.2d 22, 26 (Tex. App.--Houston [14th Dist.] 1998, no pet.) (citations omitted); Ochs v. Martinez, 789 S.W.2d 949, 951
(Tex. App.--San Antonio 1990, writ denied). Because this is a civil proceeding, not a criminal proceeding, we conclude
appellant had no constitutional right to compulsory process or to confront witnesses that was violated in this civil forfeiture
proceeding. See Texas Dep't of Pub. Safety v. Duggin, 962 S.W.2d 76, 81 (Tex. App.--Houston [1st Dist.] 1997, no writ). 
Appellant's sixth, seventh and eighth points of error are overruled.

 Finally, in points of error nine and ten, appellant asserts the trial court erred in allowing improper closing argument. The
State contends appellant failed to preserve error on this issue.

 To obtain a reversal of a judgment on the basis of an improper closing argument, appellant must prove: 1) an error was
made during argument; 2) the error was not invited or provoked; 3) the error was preserved by the proper trial predicate,
such as an objection, a request for an instruction in a jury trial, or a motion for mistrial; and 4) the error was not curable by
a prompt withdrawal of the statement or a reprimand by the trial court. See Standard Fire Ins. Co. v. Reese, 584 S.W.2d
835, 839 (Tex. 1979). Although appellant contends that he attempted to object and reply to the State's argument regarding
the vehicle, there is nothing in the record that establishes appellant objected to any portion of the argument. Neither did he
move for a mistrial. Accordingly, we conclude appellant waived his complaints regarding curable error, if any.

 However, an objection is not required to preserve error if the error is deemed to be incurable. See Otis Elevator Co. v.
Wood, 436 S.W.2d 324, 333 (Tex. 1968);Macias v. Ramos, 917 S.W.2d 371, 375 (Tex. App.--San Antonio 1996, no writ). 
The reviewing court must determine if the probability that the improper argument caused harm is greater than the
probability that the judgment was based upon proper proceedings and evidence. See Reese, 584 S.W.2d at 839-40. The
improper jury argument must be evaluated in light of the whole trial, beginning with voir dire and ending with closing
argument. See Luna v. North Star Dodge Sales, Inc., 667 S.W.2d 115, 120 (Tex. 1984).

 Following a review of the entire record, it is apparent that the argument complained of does not rise to the level of
incurable error. Appellant contends that counsel for the State incorrectly argued facts not in evidence, including facts
related to the drug dog alerting to money after it was put inside a secluded area, and facts related to the ownership of the
vehicle. However, the trial court heard testimony from the narcotics detection canine handler that the dog pawed at the
purse and actually put his nose on the cash inside the purse and then tried to dig the cash out with his paw, before the
handler stopped him. Further, the court heard testimony that appellant owned the vehicle and had the keys to the vehicle in
his possession when the apartment was searched. We cannot conclude the closing argument about which appellant now
complains caused the court to render a judgment it otherwise would not have rendered. We overrule appellant's ninth and
tenth points of error.

 Accordingly, the judgment of the trial court is affirmed.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 1st day of March, 2001.

 

1. Senior Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The State need only prove by a preponderance of the evidence that the property was used or intended to be used in the
commission of a felonious offense; the State need not prove a conviction for that offense. See $22,922.00 v. State, 853
S.W.2d 99, 101-02 (Tex. App.-- Houston [14th Dist.] 1993, writ denied). But, at the very least, there should be some
evidence in the record of an indictment, or some other evidence about the underlying felony, to justify seizure of a person's
property. See id. at 103 (Bowers, J., dissenting). The record in this case reveals, and appellant acknowledges, that he was
arrested and charged with aggravated possession of cocaine, a controlled substance. It is from this offense that the
forfeiture proceeding arises.

3. We note that appellant consented to the search of the vehicle, and does not challenge the voluntariness of his consent. 
We conclude, therefore, that his complaint is limited to the search of the apartment and his person.

4. Appellant also urges article one, section ten of the Texas Constitution applies through the fourteenth amendment of the
United States Constitution. However, article one, also by its own terms, applies only to criminal prosecutions and is,
therefore, inapplicable to this civil proceeding. See Tex. Const. art. I, § 10.