NUMBER 13-99-571-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IRMA CANTU AND JAVIER CANTU
, 
Appellants,


v.



THE STATE OF TEXAS
, 
Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


MEMORANDUM OPINION



Before Justices Dorsey, Rodriguez, and Seerden(1)


Opinion by Justice Rodriguez



 Appellants, Irma Cantu and Javier Cantu,(2) challenge the trial
court's judgment ordering forfeiture of a 1992 Mitsubishi automobile. 
By two points of error, appellants complain of the sufficiency of the
evidence to establish the vehicle was contraband. We affirm.

 As this is a memorandum opinion not designated for publication,
and the parties are familiar with the facts, we will not recite them here. 
See Tex. R. App. P. 47.1

 In a civil forfeiture proceeding, the State must prove by a
preponderance of the evidence that the property seized is contraband
and, therefore, subject to forfeiture. See Tex. Code Crim. Proc. Ann.
arts. 59.02(a) & 59.05(b) (Vernon Supp. 2001). "Contraband" means 
property of any nature, including real, personal, tangible, or intangible,
that is used or intended to be used in the commission of any felony
under chapter 481 of the Texas Health and Safety Code (the Texas
Controlled Substances Act ("the Act")). See id. at art. 59.01(2)(B)(i). 
"Contraband" is also defined as the proceeds gained from the
commission of such felony, or acquired with proceeds gained from the
commission of a felony. See id. at art. 59.01(2) (C) & (D).

 In order to prove its case, the State must show some link or nexus
between the property to be forfeited and the sale, manufacture,
distribution, delivery or other commercial undertaking that violates the
Act. See $56,700 v. State, 730 S.W.2d 659, 661 (Tex. 1987). If there
is no direct evidence linking the property to a violation of the Act, the
State must present sufficient circumstantial evidence to meet its
burden. See $8,500 v. State, 774 S.W.2d 788, 792 (Tex. App.--Houston [14th Dist.] 1989, no writ); Henderson v. State, 669 S.W.2d
385, 387 (Tex. App.--San Antonio 1989, no writ). "Under this standard,
the State is required to prove that, under all the circumstances raised
by the evidence, it is more reasonably probable than not that the
recovered [property] was 'derived from the sale [of controlled
substances].'" Money of $8,500, 774 S.W.2d at 792 (quoting Valles v.
State, 646 S.W.2d 636, 638 (Tex. App.--Houston [1st Dist.] 1983, no
writ)). "Although the State is required to offer proof which does more
than raise a mere surmise or suspicion regarding the source of the
[property], it is required only to prove the fact through a balance of
probabilities, and it is not required to exclude every other possible way
in which the [property] might have been acquired." Id. (citing Valles at
638); Spurs v. State, 850 S.W.2d 611, 614 (Tex. App.--Tyler 1993, writ
denied).

 In the absence of findings of fact and conclusions of law, as in this
case, the appellate court presumes that the trial court made all
necessary findings to support the judgment. See Robinson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989); $19,070 v. State, 869 S.W.2d 608,
611 (Tex. App.--Houston [14th Dist.] 1994, no writ). "When there are
no findings of fact in an appeal from a trial to the court, the reviewing
court must affirm the judgement if it can be upheld on any legal theory
that finds support in the evidence." In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984); $19,079, 869 S.W.2d at 611-12.

 By points of error one and two, appellants contend the evidence
is insufficient to establish that the property was contraband; that it was
used or intended to be used in the commission of a felony under the
Act, or that it constituted proceeds gained from the commission of a
felony. The State contends that the automobile constituted such
proceeds.

 In addressing legal sufficiency, we must consider all of the
evidence in a light most favorable to the party in whose favor the verdict
has been rendered, and indulge every reasonable inference deducible
from the evidence in that party's favor. See Formosa Plastics Corp. USA
v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998);
Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.--Corpus Christi 2000, no pet.). "Anything more than a scintilla of
evidence is legally sufficient to support the finding." Formosa Plastics,
960 S.W.2d at 48 (citations omitted). When the evidence creates more
than a mere surmise or suspicion of its existence, there is more than a
scintilla of evidence. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983). In determining a factual sufficiency point of error, we must
examine and weigh all evidence and set aside the judgment only if it is
so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. See $80,631 v. State, 861 S.W.2d 10, 12 (Tex.
App.--Houston [14th Dist.] 1993, writ denied) (citing Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986)). The trier of fact, in this case the trial
court, is the exclusive judge of the credibility of the witnesses and the
weight to be given to the testimony. See Jerry v. Kentucky Cent. Ins.
Co., 836 S.W.2d 812, 814 (Tex. App.--Houston [1st Dist.] 1992, writ
denied); see also Ortiz v. Ford Motor Credit Co., 859 S.W.2d 73, 76
(Tex. App.--Corpus Christi 1993, writ denied).

 In this case, the circumstantial evidence offered by the State
demonstrated a sufficient link or nexus between the vehicle and the
proscribed activity. Agent Steve Hooten with the Drug Enforcement
Agency ("the DEA") testified he initiated a two year investigation of
Javier in 1994. As a result of that investigation Javier was indicted by
the federal government for conspiracy to possess with intent to
distribute marijuana and for money laundering.(3) Agent Hooten testified
Javier was "directly responsible for the importation, transportation, and
distribution of approximately 5 tons of marijuana from the area of
Cameron County, Texas, up into Houston, Texas, and then to points
there beyond." According to Agent Hooten, his investigation revealed
that Javier had been involved in drug trafficking activities for a period
of ten years.

 Drug transactions and the businesses and properties purchased
during that time were Javier's primary, if not his only, sources of
income. His assets included a hotel on South Padre Island worth
approximately $500,000, a restaurant on South Padre Island, a
residence in Cameron County worth approximately $150,000, four
separate vehicles, each worth approximately $20,000 to $30,000, a
boat worth approximately $20,000, and jewelry worth approximately
$40,000. Javier was the title holder and owner of the vehicle at issue
until August 1997. He was the primary user of the vehicle during the
two years that the DEA investigated him. In 1997, Javier transferred
the vehicle to Irma. It was later seized from Irma's residence with her
consent.

 Neither appellant testified at trial or presented any evidence,
documentary or otherwise, to explain what money was used to
purchase the vehicle. However, appellants did provide answers to
interrogatories related to Javier's income. Irma answered that Javier
worked with Newille Company in 1983 and K-Mart in 1984, and Javier
responded that the vehicle had been acquired in exchange for a 1982
Ford Bronco and a $13,000 cashier's check he got as a loan from his
employer, Island Hotel, a property he owned, where he was making
$2,000 to $2,500 monthly.

 Moreover, certain admissions by Irma regarding the subject
property were deemed admitted by the trial court. Irma admitted the
subject vehicle was contraband; that it constituted proceeds gained
from the commission of a felony, was acquired with proceeds from the
commission of a felony, and/or was used or intended to be used in the
commission of a felony. Appellants made no objection to the State's
request that the admissions be deemed or to the trial court's finding.

 Accordingly, after considering all of the record evidence in a light
most favorable to the State, and indulging every reasonable inference
deducible from the evidence in the State's favor, we conclude this is
more than a mere scintilla of evidence that the vehicle was contraband;
that it constituted proceeds gained from the commission of a controlled
substance felony, or was acquired with proceeds gained from the
commission of a felony. Additionally, after examining and weighing all
evidence, we conclude it is not so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Therefore, we hold
the evidence is legally and factually sufficient to support the forfeiture
of the 1992 Mitsubishi automobile. Points of error one and two are
overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 22nd day of March, 2001.

 

1. Senior Justice Robert J. Seerden assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).
2. Appellants are mother and son.
3. Javier was convicted of conspiracy to possess with intent to
distribute in excess of 1,000 kilograms of marijuana.